UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 15-00273 WHA |
|---|---|
| Plaintiff, | ) ORDER FOR REVOCATION OF RELEASE |
| v. | ) |
| LOUIE MARTIN VILLANUEVA, | ) |
| Defendant. | ) |

Defendant Louie Martin Villanueva was charged by federal indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This matter initially came before the Court in May 2015 for a detention hearing. On June 10, 2015, the Court signed a bond releasing Mr. Villanueva upon certain conditions, including that he reside at and not leave the New Bridge residential drug treatment center. He and his wife signed an unsecured bond in the amount of $50,000 to secure his release. (Dkt. No. 9.)

On or around July 18/19, 2015, New Bridge advised pretrial services that Mr. Villanueva had left New Bridge without permission and had not returned nor otherwise contacted the center. New Bridge stated that it would be willing to readmit him to the program is he returned. On Monday, July 20, 2015 Mr. Villanueva's wife returned Mr. Villanueva to New Bridge. The following Thursday, July 23, 2015, he appeared before the undersigned judge. The government argued that Mr. Villanueva should be

1

remanded to custody because he had proven he is unable to comply with the conditions of his release. The Court nonetheless agreed to give Mr. Villanueva a second chance, in part because he had returned so quickly to New Bridge and New Bridge, who has great experience in working with addicts, was willing to continue to work with him. The Court expressly warned Mr. Villanueva that there would not be any further chances and that by leaving he had placed his wife's financial security in jeopardy given that she had signed on to a $50,000 bond guaranteeing that he would comply with the terms of his release.

Unfortunately, four days later, on Monday, July 27, 2015, Mr. Villanueva again left New Bridge without permission. An arrest warrant was issued and his whereabouts remained unknown until he voluntarily appeared for a court appearance before Judge Alsup on Wednesday, August 12, 2015. He was remanded into custody and ordered to appear before the undersigned for a bail review hearing the following day.

At the hearing on August 13, 2015, Mr. Villanueva asked to be released on electronic monitoring to reside with his wife. The Court declined and instead remanded Mr. Villanueva into custody. As the Ninth Circuit recently explained:

> The district court may enter an order of revocation and detention if, after a hearing, the court: (1) finds that there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release"; and (2) finds that "based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1) & (2).

*United States v. Howard*, 2015 WL 4393484 *1 (9th Cir. July 17, 2015) (per curiam). Based on the above facts, the Court finds by clear and convincing evidence that Mr. Villanueva violated the terms of his release, including the term that he reside at New Bridge and that he not change residences without the prior approval of pretrial services. The Court also finds by a preponderance of the evidence that there is no condition or combination of conditions of release that will assure that he will not flee. It is apparent that the bond he signed along with his wife is insufficient to secure his appearance as he has twice walked out of New Bridge even though doing so places his wife in financial jeopardy. Electronic

monitoring is insufficient as he can still leave, just as he left New Bridge. Further, Mr. Villanueva's drug addiction and his long criminal record also support that Court's finding that releasing him to live with his wife is insufficient. For these same reasons, and especially his conduct in this case, the Court also finds that he is unlikely to abide by any condition or combinations of conditions of his release.

Accordingly, IT IS ORDERED THAT:

1. Mr. Villanueva be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Mr. Villanueva be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: August 13, 2015

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge